**UNITED STATES of America**

v.

**Oscar CLEMONS.**

**Crim. No. 84–154.**

United States District Court,
W.D. Pennsylvania,
Criminal Division.

March 23, 1987.

David G. Rothey, Asst. Public Defender, Pittsburgh, Pa., for defendant.

## OPINION

SIMMONS, District Judge.

The Defendant in this case, Oscar Clemons was indicted as follows:

### Count One

Knowingly, intentionally and unlawfully conspiring with others to distribute and possess with intent to distribute the following controlled substances: heroin, a Schedule I narcotic drug; dilaudid, a Schedule I narcotic drug; cocaine, a Schedule II narcotic drug; preludin, a Schedule III controlled substance. (21 U.S.C. Section 846).

### Count Four

Knowingly, intentionally and unlawfully possessing with intent to distribute heroin, a Schedule I narcotic drug controlled substance. (21 U.S.C. Section 841(a)(1) and 18 U.S.C. Section 2).

### Counts Five and Six

Knowingly, intentionally and unlawfully distributing and possessing with the intent to distribute heroin, a Schedule I narcotic drug controlled substance. (21 U.S.C. Section 841 and 18 U.S.C. Section 2).

### Count Seven

Knowingly, intentionally and unlawfully distributing and possessing with intent to distribute cocaine, a Schedule II narcotic drug controlled substance. (21 U.S.C. Section 841(a)(1) and 18 U.S.C. Section 2).

### Count Eight

Knowingly, intentionally and unlawfully using intimidation and threats to another person with the intent to influence that person's testimony and cause and induce the person to withhold testimony. (18 U.S.C. Section 1512(a)(1) and (2)(A)).

In due course the matter came on for trial and the jury found Mr. Clemons guilty as charged on all of the aforementioned Counts.

Philip A. Ignelzi, Asst. U.S. Atty., Pittsburgh, Pa., for plaintiff.

The Defendant, Oscar Clemons, duly filed his Motion for Judgment of Acquittal and/or New Trial and raised four issues in each of said motions. First, that the discretion exercised by the Courts and the United States Attorney in granting government witnesses immunity worked to violate the rights of equal protection of the law and due process of law. Second, that the government witnesses were so incredible that as a matter of law a conviction could not be based on their inherently trustworthy testimony. Third, Title 18, United States Code, Section 1512(c) is unconstitutional because it violates due process of law by impermissibly shifting the burden of proof to the Defendant. Fourth, the point of charge, number three, as delivered, conveyed to the jury that the Defendant should have produced evidence of an affirmative defense and the burden of proof had impermissibly shifted to the Defendant.

■ The Defendant contends that the four issues raised are a basis for a judgment of acquittal pursuant to Fed.R.Crim. Proc. 29. A motion for judgment of acquittal should be granted "if the evidence is insufficient to sustain a conviction." Fed. R.Crim.Proc. 29. Rule 29 is intended to question the sufficiency of the evidence to support a conviction. *United States v. Ashfield,* 735 F.2d 101, 106 (3rd Cir.1984); *United States v. Gjurashaj,* 706 F.2d 395, 399 (2nd Cir.1983); *See, Jackson v. Virginia,* 443 U.S. 307, 317 n. 10, 99 S.Ct. 2781, 2788 n. 10, 61 L.Ed.2d 560 (1978). As one district court simply stated, a motion for judgment of acquittal pursuant to Fed.R. Crim.Proc. 29 is granted for only one reason, insufficiency of the evidence to sustain a conviction. *United States v. Turner,* 490 F.Supp. 583, 588 (E.D.Mich.1979).

Since the relief under Fed.R.Crim.Proc. 29 is limited to an insufficiency of the evidence contention it is evident that at least three of the issues as stated by the Defendant are improperly raised by a motion for judgment of acquittal. The only issue which is a colorable claim of insufficiency of the evidence is the Defendant's contention as a matter of law the government witnesses were unworthy of belief.

■ On ruling upon a Rule 29 motion the court may not weigh the evidence or assess the credibility of witnesses. · *Burks v. United States,* 437 U.S. 1, 16, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1977); *United States v. Jannotti,* 673 F.2d 578, 598 (3rd Cir.1982). Although the trial judge has heard the witnesses' testimony first hand, the court may not substitute its own determination on credibility thus usurping the jury function. *Burks,* 437 U.S. at 16, 98 S.Ct. at 2149; *United States v. Mariani,* 725 F.2d 862, 865 (2nd Cir.1984).

■ A thorough reading of the record in this case demonstrates that there was ample and sufficient competent evidence presented by the prosecution in this case to support the jury's verdict of guilty on all of the Counts submitted to them for their consideration.

The Government called at least fifteen witnesses in its case in chief. Five of the prosecution witnesses provided detailed testimony regarding the Defendant's illegal dealings in drugs. Additionally the government introduced many pieces of physical evidence which corroborated the testimony of witnesses, including evidence of the Defendant's latent finger print on a package of heroin that was part of Defendant's drug dealing.

In light of the foregoing discussion, all Motions for Judgment of Acquittal pursuant to Fed.R.Crim.Pro. 29 are denied. Additionally the Defendant has moved for a New Trial pursuant to the Fed.R.Crim.P. 33 and this opinion will now address the four issues raised by the Defendant by this motion.

The first issue raised is whether the Defendant was denied equal protection and due process of law based upon the discretion exercised by the government and the Court in granting immunity to trial witnesses. Second, the Defendant claims that the government witnesses' testimony as a matter of law was so inherently untrustworthy that to permit a guilty verdict on such evidence is unjust. Third, count eight

of the indictment was an unconstitutional charge against Defendant because Title 18 U.S.C. Section 1512(c) violates due process of law placing a burden of proof upon the Defendant and that consequently (issue four) this Courts charge to the jury impermissibly shifted the burden of proof on count eight to the Defendant.

A district court may grant a new trial "if required in the interest of justice." Fed.R.Crim.P. 33. A new trial may be granted if the conviction is against the weight of the evidence. *Tibbs v. Florida*, 457 U.S. 31, 37–39 n. 11–12, 102 S.Ct. 2211, 2215–16 n. 11–12, 72 L.Ed.2d 652 (1981). Rule 33 allows the court to assess the credibility of the witnesses. *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985); *United States v. H & M Inc.*, 562 F.Supp. 651, 676 (M.D.Pa.1983); *United States v. Phifer*, 400 F.Supp. 719, 722 (E.D. Pa.1975), *aff'd mem.*, 532 F.2d 748 (3rd Cir.1976). However, the power to grant a new trial should be exercised sparingly and granted only when the evidence preponderates heavily against the verdict. *Id.*

## I.

The grant of immunity to certain witnesses in this case is not violative of the Defendant's rights to equal protection and to due process of law. The decision whether to grant or not to grant immunity to a government witness is routinely considered discretionary with the executive branch of government. *United States v. Adams*, 759 F.2d 1099 (3rd Cir.1985); *In Re Grand Jury Matter*, 673 F.2d 688, 696 (3rd Cir. 1982). The role of a Court is in large part viewed as ministerial in nature. *United States v. Herman*, 589 F.2d 1191 (3rd Cir. 1978).

The Defendant contends that he should be granted a new trial because the government violated the Defendant's rights of equal protection and due process of law by failing to grant immunity to him while granting immunity to witnesses who testified against the Defendant. The Defendant has no standing to contest the propriety of a grant of immunity to witnesses testifying against him. *United States v.*

*Ellis*, 595 F.2d 154, 163 (3rd Cir.1979); *United States v. Lewis*, 456 F.2d 404, 409–410 (3rd Cir.1972). As the *Lewis* court stated, a grant of immunity is analogous to a person's Fourth Amendment rights. The rights are personal rights which like other constitutional rights may not be vicariously asserted. *Lewis*, 456 F.2d at 409.

Assuming *arguendo* that the Defendant has standing to contest the grants of immunity, the government has not violated either the Defendant's equal protection or due process of law rights. The error in the Defendant's reasoning results from the Defendant's assertion that the Defendant and the immunized witnesses were equally culpable. The government's evidence was patently clear regarding the Defendant's involvement in drug distribution. Defendant Clemons was both the procurer and main distributor of all the drugs. The majority of the government witnesses purchased drugs from the Defendant Clemons and utilized the drugs for personal use. Other immunized witnesses also sold drugs but as distributors for the Defendant. Defendant Clemons received the benefit of the other witnesses' distributions, namely a portion of the profits.

Challenging a grant of immunity based upon equal protection is a novel and unavailing argument. The power to apply for immunity is the sole prerogative of the government as exercised by the United States Attorney and his superior officers. It would be unreasonable to require the government to extend immunity to all defendants merely because immunity was granted to another individual involved in criminal activity with the defendant. *United States v. Grahm*, 548 F.2d 1302, 1315 (8th Cir.1977).

Likewise, the Third Circuit has rejected the due process argument and has held that the immunity statute may not be attacked on the ground that it discriminates against Defendants by making immunity available only in the discretion of the prosecution. *United States v. Herman*, 589 F.2d 1191, 1203 (3rd Cir.1978).

■ Arguably, the Defendant's due process claim may be viewed under the auspices of selective prosecution. However, even if the Defendant's claim is categorized as one of selective prosecution the Defendant has failed to meet his burden. Unequal application of the criminal laws does not amount to a constitutional violation, unless there is shown to be present in it an element of intentional or purposeful discrimination. *United States v. Torquato*, 602 F.2d 564, 568 (3rd Cir.1979). The burden of proving such discrimination is placed upon the Defendant. *Id.* at 569. To minimize the intrusion on the prosecutorial function and still enable a Defendant to effectively raise a claim of selective prosecution, the Defendant is obligated to make a threshold showing of discriminatory prosecution before an evidentiary hearing will be accorded on this issue. *Id.* at 569.

Not only has the Defendant failed to make a threshold showing of discriminatory prosecution, but this Court has already granted a pretrial hearing to the Defendant regarding the dismissal of the indictment based upon the Fifth Amendment Due Process contention. This Court recalls that the Defendant filed a pretrial motion to dismiss the indictment based on the double jeopardy claim and the Due Process clause of the Fifth Amendment. The Defendant was granted a hearing on January 4, 1985. The government called Assistant United States Attorney Charles D. Sheehy to testify regarding why the federal government pursued an investigation and an indictment against the Defendant, Oscar Clemons. Based upon the evidence presented by the government at the January 4, 1985 hearing, this Court issued an Opinion on May 28, 1985 holding that the government had not violated the Due Process clause of the Fifth Amendment to the United States Constitution in this case.

## II.

Contrary to the contentions of the Defendant, this Court finds that the witnesses of the Government were sufficiently credible and trustworthy on their face and hence were competent and this Court was warranted in submitting their testimony to the jury for its determination as to whether said testimony was true or false.

Fed.R.Evid. 601, which is a general rule of competency, states that "every person is competent to be a witness except as otherwise provided in these rules." The purpose of Fed.R.Evid. 601 was to recognize the continuing tendency to disregard common law restrictions on the competency of a witness in favor of the submission of available evidence to the fact finder for its evaluation. *United States v. Wilson*, 601 F.2d 95, 98 (3rd Cir.1979).

Rule 601 developed as a result of the Supreme Court's recognition that there should be a change in the common law rule making parties incompetent to testify because of the fear that they may lie. In *Washington v. Texas*, 388 U.S. 14, 22, 87 S.Ct. 1920, 1924, 18 L.Ed.2d 1019 (1967) the court stated:

> The conviction of our time is that the truth is more likely to be arrived at by hearing the testimony of all persons of competent understanding who may seem to have knowledge of the facts involved in a case, leaving the credit and weight of such testimony to be determined by the jury or by the court.

*Id.; Rosen v. United States*, 245 U.S. 467, 471, 38 S.Ct. 148, 150, 62 L.Ed. 406 (1918).

Every witness is presumed to be competent to testify under Fed.R.Evid. 601, unless it can be shown that the witness does not have personal knowledge of the matters about which he is to testify, or he does not have the capacity to recall, or he does not understand the duty to testify truthfully. *United States v. Lightly*, 677 F.2d 1027, 1028 (4th Cir.1982). It must be noted that all of the cases cited by the Defendant in support of the proposition a witness may be declared incompetent on various legal grounds, are cases decided prior to the effective date of the Federal Rules of Evidence, on July 1, 1973.

■ The Defendant's contention is actually based upon the supposed lack of credibility of the witnesses as opposed to lack of competency, and the issue therefore is whether sufficient credible evidence was

placed before the jury to allow it to make an intelligible decision. This was a lengthy trial during which the Defendant was granted a wide latitude of cross-examination of all government witnesses. The government witnesses were subjected to rigorous cross-examination by experienced defense counsel. Although the jury could have refused to believe the government witnesses, it obviously decided to believe them. Only in *rare* circumstances should a Defendant be granted a new trial based upon the contention of lack of credibility of the government witnesses. *United States v. Friedland,* 660 F.2d 919, 931–932 (3rd Cir.1981).

This Court's final charge to the jury provided the jury with every opportunity to properly evaluate and assess the credibility of the government witnesses. The Defendant submitted approximately 28 proposed points for charge. Defendant's points 6 through 13 addressed instructions on the credibility of the witnesses. This Court provided both counsel with its proposed charge. The charge contained numerous instructions on evaluating and assessing credibility. During the charge conference the Defendant indicated that he was fully satisfied with this Court's proposed charge which thoroughly covered the Defendant's requested points 6 through 13, pertaining to evaluating and assessing witness credibility. *See* Trial Transcript, (hereinafter "T"), 1488–1498; 1730–1732.

The Court's charge covered the following issues on assessing credibility of a witness:

1. General witness charge regarding intelligence, motive, state of mind, and demeanor. T 1745.

2. Inconsistencies or discrepancies in testimony. T 1745–1746.

3. Bias, prejudice or hostility of a witness. T 1746.

4. Prior inconsistent statements by a witness. T 1746.

5. False testimony by a witness concerning a material matter. T 1746.

6. Number of witnesses and uncontradicted testimony. T 1747.

7. Harmonizing testimony of conflicting witnesses. T 1750.

8. Immunized witness testimony. T 1750–1751.

9. Testimony from an informer. T 1751–1752.

10. False testimony by a witness at a prior proceeding. T 1795–1796.

This is not a case upon which the government relied solely upon the testimony of one witness. The government called at least fifteen witnesses in its case in chief. Five of the government witnesses provided detailed testimony regarding the Defendant's drug dealings. The government introduced numerous pieces of physical evidence which corroborated the witness testimony. For example the hotel records of the Knights Inn Motel in Monroe, Michigan corroborated the trip testified to by witness Karen Molchan regarding the purchase of heroin by Defendant Clemons in Detroit. The Western Union Telegraphic Money Order in the name of witness Greg Dennis which corroborated his testimony he sent his money to Detroit on behalf of the Defendant Clemons to pay for heroin purchased by the Defendant.

Pennsylvania State Trooper Paul McCommons testified that a latent print of Defendant Clemons was found on the package of heroin purchased by witness Donny Bishop from witness John Kemp. This fully corroborated witness John Kemp's testimony that he obtained from Defendant Oscar Clemons the heroin he sold to witness Bishop.

The verdict rendered by the jury was not contrary to the weight of the government's evidence, and the contention of the Defendant to the contrary is completely without merit.

### III.

The Defendant's third contention assails the validity of Title 18 U.S.C., Section 1512(c), the witness tampering statute, contending that the statute is unconstitutional because it violates due process of law by impermissibly shifting an element of the burden of proof to the Defendant. Title 18 U.S.C. Section 1512(c) reads as follows:

(c) In a prosecution for an offense under this section, it is an affirmative defense, as to which the defendant has the burden of proof by a preponderance of the evidence, that the conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully.

*Id.*

Count Eight (8) of the indictment against the Defendant involving the witness tampering statute is as follows:

### Count 8

The grand jury further charges:

That on or about June 9, 1984, at Uniontown, Pennsylvania, in the Western District of Pennsylvania, the defendant, OSCAR CLEMONS, did knowingly, intentionally, and unlawfully use intimidation and threats to another person with the intent to influence that person's testimony in an official proceeding and cause and induce the person to withhold testimony from an official proceeding.

In violation of Title 18, United States Code, Section 1512(a)(1) and (2)(A).

The Defendant, Oscar Clemons, requested the Court to read the following charge numbered 3 to the jury in regard to Count Eight of the indictment:

3. It is a defense to a prosecution under Title 18 U.S.C. Section 1512 that Oscar Clemons' conduct towards Greg Dennis, consisted solely of lawful conduct and that Oscar Clemons' sole intention was to encourage, induce, or cause Greg Dennis to testify truthfully.

The government has the burden of disproving the above defense beyond a reasonable doubt.

2 S. Saltzburg & H. Perlman, Federal Criminal Jury Instructions, II–24 (1985). Jeffress, the New Federal Witness Tampering Statute, 22 Am.Crim.L.Rev. 1 (1984).

The Court charged the jury as to Count Eight of the indictment as follows: (SEE Record Line 14, pg. 1786 to Line 15, Pg. 1789 & Line 22, Pg. 1793 to Line 22, Pg. 1795)

"Okay. Let's go to Count 8.

"The grand jury further charges: That on or about June 9, 1984, at Uniontown, pennsylvania, in the Western District of Pennsylvania, the defendant, Oscar Clemons, did knowingly and intelligently and unlawfully use intimidation and threats to another person with the intent to influence that person's testimony in an official proceeding and cause and induce that person to withhold testimony from an official proceeding in violation of Title 18, United States Code, Section 1512(a)(1) and (2)(A)."

Title 18, United States Code, Section 1512 provides in relevant part:

"(a) Whoever knowingly uses intimidation or physical force or threatens another person, attempts to do so, or engages in misleading conduct toward another person with intent to, one, influence the testimony of another person in a proceeding, or, two, cause or induce any person to, A, withhold testimony or withhold a record, document or other object from an official proceeding, commits an offense against the United States." "

"In order to establish the offense charged in Count 8 of the indictment, the government has the burden of proving the following essential elements by proof beyond a reasonable doubt.

First, That on or about June 9, 1984, in the Western District of Pennsylvania, in Uniontown, the defendant Oscar Clemons knowingly threatened and/or intimidated Greg Dennis.

A threat is an expression of intent to inflict injury on another either presently or in the future and may be communicated by words as well as gestures. To intimidate means to make fearful or to put in fear."

"It is not necessary that there be proof of direct threats or actual use of force or that there be proof that the person was actually intimidated by threats. It is necessary that there be proof beyond a reasonable doubt that any statements made by the defendant had a reasonable tendency to intimidate or to instill fear in an ordinary

person. An act is done knowingly if done voluntarily and intentionally and not because of mistake or accident or other innocent reason.

Second: Additionally, either of the following elements must be proved beyond a reasonable doubt:

(A) That the defendant, Oscar Clemons, made such threats and/or intimidation with the intent to cause or induce Greg Dennis in an official proceeding, or;

(B) That the defendant, Oscar Clemons, made such threats and/or intimidation with the intent to cause or induce Greg Dennis to withhold testimony from an official proceeding."

"An official proceeding is a proceeding before a judge or court of the United States. Intent ordinarily may not be proved directly because there is no way of fathoming or scrutinizing or reading the operations of the human mind. But you may infer the defendant's intent from surrounding circumstances. You may consider any statement made and done or omitted by the defendant and all other facts and circumstances in evidence which indicate his state of mind. But the element of intent like all the other elements of the offense charged must be proved by the United States Government beyond a reasonable doubt."

"If you the jury after consideration of all the evidence and testimony in the case find that the government has met its burden of proving each of the essential elements as I have explained them to you by proof beyond a reasonable doubt, then you will find the Defendant, Oscar Clemons, guilty of the offense charged in the indictment. On the other hand, if you find, you, the jury, find that the government has not met its burden of proving each of the essential elements by proof beyond a reasonable doubt, then you will find the Defendant, Oscar Clemons, not guilty of the offense charged in the indictment."

"As I have previously stated to you, the government always has the burden of proving each of the essential elements by proof beyond a reasonable doubt. The law never imposes upon a Defendant in a criminal case the burden of introducing any evidence or calling any witnesses or testifying in his own behalf."

"Now, anything from the lawyers now? I guess I never did give the suggested points. I will give those now at this time."

MR. WADE: All right.

THE COURT: "All right. The attorneys, have asked me to make certain additions to my charge. I am going to do that at this time."

"The first charge I am going to give is Defendant's request number 3 which reads as follows:

It is a defense to a prosecution under Title 18, United States Code—that is, the threat, that is Count 8, concerning threats and intimidation—it is a defense to that count if Oscar Clemons' conduct toward Greg Dennis consisted solely of lawful conduct, and that Oscar Clemons' sole intention was to encourage, induce or cause Greg Dennis to testify truthfully rather than to testify falsely or not at all."

"Now, the Defendant—I want to emphasize this—the Defendant has no duty or burden to advance this defense. His failure to advance or prove such a defense shall not be held against him under any circumstances because, as I said earlier, and I will repeat again for the third, fourth or fifth or however many times, the Defendant has no burden to prove anything. The Defendant has no burden to advance any evidence at all. He has no duty to testify."

"But, however, if you're of the belief from all the evidence you heard in this case that Oscar Clemons' conduct towards Greg Dennis was lawful conduct, that his intention was to encourage, induce or cause Greg Dennis to testify truthfully, you will find the Defendant not guilty of the charge. However, as I have said, there is no need for the Defendant to prove anything, or even if the Defendant doesn't prove it, or if it is not proved, that Oscar Clemons' conduct towards Greg Dennis consisted solely of lawful conduct and that Oscar Clemons' sole intention was to en-

courage, induce or cause Greg Dennis to testify truthfully, the government still, at all times, and continuously, has the burden of proving each of the three elements that I have mentioned earlier of the alleged crime beyond a reasonable doubt; that is, that the Defendant Clemons knowingly, that is number one, he knowingly engaged; and, secondly, in intimidation or misleading conduct; three, with the intent to influence the testimony of Greg Dennis."

"All of those things have to be proved, each one of them, beyond a reasonable doubt by the government regardless of that matter that I have just mentioned concerning the fact that Clemons' conduct may have been solely lawful and proper. So the government always has the burden. Mr. Clemons has no burden of proving anything of any kind. However, if it is proved that his conduct consisted solely of lawful conduct and that his sole intention was to encourage, induce or cause Greg Dennis to testify truthfully, then he would be found not guilty of that charge."

"But again I repeat that the Defendant has no burden or duty to advance any defenses. He has no duty or burden to testify. He has no duty or burden to put forth witnesses or evidence. He has no duty to testify in his own behalf."

This Court read all of the relevant portions of Defendant Clemon's third request for charge to the jury, except the last sentence, i.e. this Court *refused* to charge the jury that the "government has the burden of disproving the above defense by proof beyond a reasonable doubt".

█ It is submitted that Title 18 U.S.C. Section 1512(c) does not in any way shift the burden of the government to prove each of the elements of the offense charged beyond a reasonable doubt. 18 U.S.C. Section 1512(a)(1) sets forth the elements of the offense, i.e., (1) the knowing use of intimidation or physical force, threats or misleading conduct directed to another person; (2) with the intent to influence that person's testimony; (3) and to cause and induce that person to withhold testimony and evade legal process.

This Court told the jury that the Government must prove each and all of these aforementioned elements beyond a reasonable doubt.

Section 1512(c) does not mandate or require the Defendant to introduce evidence of the lawful nature of his conduct, or evidence that the Defendant had the intent to encourage, induce or cause truthful testimony at all relevant times. Section 1512(c) is not obligatory at all but is merely permissive and if the Defendant does introduce such exculpatory evidence he is rewarded by being able to require the Court to give him a favorable charge to the effect that if the jury believes that the Defendant in fact was encouraging, inducing, or causing the person to testify truthfully, the jury could acquit said Defendant.

However, the Defendant has no obligation to present such evidence as is described in Section 1512(c) and the failure of the Defendant to present such evidence is not to be held against said Defendant in any way as this Court so charged the jury.

However, it is to be emphasized that the burden placed on the Prosecution to prove each of the elements of the crime beyond a reasonable doubt never changes or shifts and in order to convict the Defendant, the Prosecution must always and invariably meet said burden of proof in all respects, regardless of whether the Defendant introduces or fails to introduce evidence of his lawful activities as to the witness in question. Again the jury clearly was made aware of this principle of law in the course of this Court's charge to them.

The record (as hereinabove referred to) will show that the charge of this Court in this case as to Count Eight was lawful and properly protected the Defendant's right to due process of law and his right to equal protection of the law.

A further discussion of the charge of this Court as it is related to Count Eight of the indictment against the Defendant will be set forth in the next section (Section IV) of this Opinion.

## IV.

The fourth contention raised by the Defendant is that this Court's charge required by 18 U.S.C. Section 1512(c) regarding the affirmative defense, conveyed a direction to the jury that the Defendant was compelled to produce evidence of the affirmative defense. However, the only difference between the charge as requested by the Defendant and the charge given by this Court was the deletion to the last sentence of the requested charge as heretofore noted and this Court's additional language stating that the Defendant has no burden to prove anything. This Court merely added the standard language that the government has the burden of proving all the elements of the crime charged beyond a reasonable doubt. T 1974-1975. So long as this Court's charge encompasses the charge requested by the Defendant, so far as said request is lawful, this Court in not obligated to use the *exact* language that the Defendant proffers. *United States v. Kapp*, 781 F.2d 1008, 1013 (3rd Cir.1986).

Perhaps the Defendant received a windfall by this Court's charge. This Court stated that the Defendant had no burden to advance any evidence at all, and that the jury could still acquit the Defendant of Count Eight if it found that the Defendant's conduct towards Greg Dennis was for the purpose of encouraging, inducing or causing Greg Dennis to testify truthfully. T 1974.

In any event, the Defendant should not be heard to complain since this Court thoroughly analyzed the affirmative defense as set forth in the statute and the burden of proof in regard to the same at the charging conference, (T 1480-1488); (1565-1591 & 1607-1610), and proceeded to give the charge as requested by the Defendant.

At the time this Court ruled in July of 1985, no other court had addressed the issue under Title 18 U.S.C. Section 1512(c) wherein the Defendant was contending that there was an impermissible shifting of the burden of proof on to the Defendant. However, most recently, the Southern District of New York was confronted with the same issue. *United States v. Kalevas*, 622 F.Supp. 1523, 1526-1527 (S.D.N.Y.1985). The *Kalevas* court held that Title 18 U.S.C. Section 1512(c) does not impermissibly shift the burden of proof to the Defendant. In analyzing the issue the court specifically addressed the Supreme Court's decisions relied upon by the Defendant namely *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) and *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). In analyzing the Supreme Court decisions and applying them to Title 18 U.S.C. Section 1512(c) the court stated:

> The court reaffirmed that the due process clause requires that the prosecution prove each and every element of the crime charged beyond a reasonable doubt, but held that it need not negate by such a standard the nonexistence of affirmative mitigating defenses that may be raised. The indictment, based upon the statute, sets forth the elements of the offense—the knowing use of intimidation or physical force, threats, or misleading conduct, with intent to cause or induce any person to evade the legal process—which the prosecution must prove beyond a reasonable doubt. The elements of the affirmative defense, the lawful nature of the conduct and the intent to encourage, induce, or cause truthful testimony, are independent facts, proof of which would be sufficient to avoid criminal liability. Section 1512(c) does not impermissibly shift the burden of proof to a defendant. The government, to prevail, and despite evidence to sustain the proffered defense, must upon the entire case prove the essential ingredients of the crime charged before it may obtain a conviction; thus Section 1512(c) meets the demands of the due process clause.

*Kalevas*, 622 F.Supp. at 1526-1527.

In any event, assuming for the sake of argument that Title 18 U.S.C. Section 1512 *et seq.* is unconstitutional as applied to the Defendant in Count Eight of the indictment, the Defendant is entitled only to a Judgment of Acquittal as to that Count Eight alone, and he is not entitled to a new

trial on Counts one, four, five, six, and seven. The Defendant's motion for a new trial as to all counts is denied. An appropriate Order will be entered.