DELL, Judge.
The state charged appellee, Louis Cohen, with three counts of witness tampering in violation of section 914.22(l)(a), Florida Statutes (1985). The information charged that appellee, a private investigator, unlawfully and knowingly engaged in misleading conduct with the intent to influence the testimony of two witnesses in an official proceeding pending in Broward County, Florida. Appellee filed a motion to dismiss the information, in which he challenged the constitutionality of sections 914.21 and 914.22, Florida Statutes (1985). The state appeals from the trial court’s order granting appellee’s motion to dismiss. We affirm.
In 1984, the Florida Legislature replaced the former witness tampering statute, section 918.14, Florida Statutes (1983), with section 914.22, Florida Statutes (1984). Section 914.22 contains the same provisions as those found in Federal Statute 18 U.S.C. § 1512 (1982) and both are entitled “Tampering with a Witness, Victim, or an Informant.” Florida’s Section 914.22 provides in pertinent part:
(1) A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct towards another person, or offers pecuniary bene *895 fit or gain to another person, with intent to:
(a)Influence the testimony of any person in an official proceeding; or....
[[Image here]]
(3) In a prosecution for an offense under this section, it is an affirmative defense, as to which the defendant has the burden of proof by a preponderance of the evidence, that the conduct consisted solely of lawful conduct and that the defendant’s sole intention was to encourage, induce, or cause the other person to testify truthfully.
(Emphasis added).
Section 914.21 defines misleading conduct:
(2) “Misleading conduct” means:
(a) Knowingly making a false statement;
(b) Intentionally omitting information from a statement and thereby causing a portion of such statement to be misleading, or intentionally concealing a material fact and thereby creating a false impression by such statement;
(c) With intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity;
(d) With intent to mislead, knowingly submitting or inviting reliance on a sample, specimen, map, photograph, boundary mark, or other object that is misleading in a material respect; or
(e) Knowingly using a trick, scheme, or device with intent to mislead.
The trial court concluded:
2.Neither Florida Statute 914.21 nor Florida Statute 914.22 defines the phrase “influence the testimony of any person”. Specifically, the statute leaves ambiguous whether it is criminal to influence to testify falsely, or truthfully, or both. The only assistance seems to appear in Florida Statute 914.22(3) which states that if the defendant’s intent was to influence to testify truthfully then he has the burden of proof to establish this fact which is an affirmative defense. Subsection three (3) unconstitutionally shifts the burden of proof from the State to the Defendant. By requiring the Defendant to prove his innocence, this section would relieve the State of its obligation to prove the Defendant’s guilt, beyond a reasonable doubt, of every element of the crime. That result would deprive defendant of due process of law. In Re: Winship, 397 U.S. 358 [90 S.Ct. 1068, 25 L.Ed.2d 368] (1970); Mullaney v. Wilbur, 421 U.S. 684 [95 S.Ct. 1881, 44 L.Ed.2d 508] (1975); Yohn v. State, 476 So.2d 123 (Fla.1985).
3. Florida Statute 914.22(l)(a), to the extent that it attempts to criminalize innocent speech and conduct as in the present case, is unconstitutionally over-broad and vague. This section criminalizes innocent conduct as well as unlawful conduct and therefore denies Defendant of due process of law.
4. For the reasons stated ..., this Court finds that Florida Statute 914.-22(l)(a) and (3) are unconstitutional as applied in this case.
Appellee contends the statute as applied to him is unconstitutionally vague and overbroad because it fails to inform him of what conduct it prohibits and requires persons of reasonable intelligence to guess at its scope and meaning. Appellee further contends that a literal interpretation of section 914.22(l)(a) could result in an interpretation that would criminalize otherwise proper and innocent conduct such as an attorney or an investigator testing a witness’s recollection of the facts, or advising a witness that other witnesses have given statements inconsistent with his, or telling a co-defendant that his co-defendant has given a statement. The state argues that the statute, when read as a whole, is not vague or overbroad, since a logical interpretation would compel the conclusion that it proscribes influencing a witness to testify falsely.
The law is well established that a statute which forbids an act in terms so vague that anyone of common intelligence must necessarily guess at its meaning and differ as to its application violates due process of law. State v. Gray, 435 So.2d 816 (Fla.1983); Zerweck v. State Commission on Ethics, 409 So.2d 57 (Fla. 4th DCA 1982). In *896 Deehl v. Knox, 414 So.2d 1089 (Fla. 3d DCA 1982), the district court considered a challenge to the constitutionality of the former witness tampering statute, section 918.14. The court pointed out:
It is axiomatic that courts are required to interpret a statutory provision — if consistent with the ultimate polestar of the issue, the legislative intent — so as to render it immune from claims of unconstitutionality, White v. State, 330 So.2d 3 (Fla.1976), including one of overbreadth. ... Here, as in many other instances, that requirement may and therefore must be effectuated by giving the statute a limiting construction which requires that the act or words forbidden only in general terms be performed or uttered with criminal intent, (footnotes omitted).
Id. at 1091.
Section 914.22 prohibits a broader scope of activity than that prohibited by its predecessor, section 918.14.
The parties have not cited nor have we, as a result of our independent research, found any Florida cases which have considered the constitutionality of section 914.-22. However, several federal court decisions have addressed some of the constitutional questions raised by the Federal Witness Tampering Statute. In U.S. v. Kalevas, 622 F.Supp. 1523, 1527 (D.C.N.Y.1985), the court rejected an argument that section 1512 was constitutionally defective because it did not contain a mens rea requirement. The court stated
Prior to its amendment in 1982, section 1503 made it unlawful, among other things, to “intimidate” witnesses. Not only were convictions upheld under section 1503 on the basis of intimidation, but the statute withstood numerous constitutional challenges. The use of “intimidation” in section 1512 does not render the statute unconstitutionally vague. Similarly, Davenport’s allegation that section 1512’s use of “misleading conduct” is insufficient to place a defendant on notice as to what conduct is prohibited, ignores the detailed definition of “misleading conduct” set forth in 18 U.S.C. § 1515(3). In fact, the statute defines misleading conduct as knowing or intentional conduct, and does so in a manner which adequately apprises a person of the prohibited conduct, (footnotes omitted).
Id. at 1527.
Section 914.21, Florida Statutes (1984) defines “misleading conduct” in the same terms as 18 U.S.C. § 1515(3).
The state also contends the phrase, “[¡Influence the testimony of any person in an official proceeding,” when read in conjunction with section 914.22(3), narrows the application of the statute so as to overcome the argument that the statute is overbroad and therefore constitutionally infirm. This argument has merit provided section 914.-22(3) does not amount to an unconstitutional shifting of the burden of proof to the defendant.
In the trial court, the state, while maintaining the constitutionality of the statute, conceded:
The burden of proof “by a preponderance of the evidence” is conceded by the state to be a constitutionally impermissible shifting of the burden of proof from the state to the defendant. The state believes that the trial court can excise the words “.. .as to which defendant has the burden of proof by a preponderance of the evidence, ...” and uphold as constitutional the remainder of subsection 3 without improperly invading the legislative function.
On appeal, the state argues that subsection three does not offend constitutional principles since the state, in order to prevail, must prove the defendant’s guilt beyond a reasonable doubt.
The Supreme Court in In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), discussed the history of the reasonable doubt standard. The court held:
[T]hat the due process clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.
Id. at 364, 90 S.Ct. at 1073.
In Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), the Su *897 preme Court considered the state’s burden of proof as it applied to an “affirmative defense.” The laws of Maine required Mullaney to prove by a “fair preponderance of the evidence” that he acted in the heat of passion on sudden provocation in order to reduce a charge of murder to manslaughter. The Supreme Court overturned the law, reasoning:
In this respect, proving that the defendant did not act in the heat of passion on sudden provocation is similar to proving any other element of intent; it may be established by adducing evidence of the factual circumstances surrounding the commission of the homicide. And although intent is typically considered a fact peculiarly within the knowledge of the defendant, this does not, as the court has long recognized, justify shifting the burden to him. (citations omitted).
Id. at 702, 95 S.Ct. at 1891.
In a similar case, Patterson v. New York, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), the court modified the position taken in Mullaney, stating:
We thus decline to adopt as a constitutional imperative, operative country-wide, that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused. Traditionally, due process has required that only the most basic procedural safeguards be observed; more subtle balancing of society’s interests against those of the accused have been left to the legislative branch.
Id. at 210, 97 S.Ct. at 2327.
One of the court’s three dissenters, Justice Powell, appropriately noted:
The test the court today establishes allows a legislature to shift, virtually at will, the burden of persuasion with respect to any factor in a criminal case, so long as it is careful not to mention the nonexistence of that factor in the statutory language that defines the crime. The sole requirement is that any references to the factor be confined to those sections that provide for an affirmative defense.
Id. at 223, 97 S.Ct. at 2333.
In Kalevas, 622 F.Supp. 1523, 1527 (D.C.N.Y.1985), the district court also addressed the specific question of the shifting burden under section 1512(c) and concluded there was no shifting of the burden of proof because the government, in order to prevail, must prove the “essential ingredients of the crime.”
In U.S. v. Clemons, 658 F.Supp. 1116 (W.D.Pa.1987), the district court evidenced its difficulty with the burden of proof by repeatedly informing the jury of the government’s burden of proof and Clemons’ lack of such burden. The Third Circuit Court of Appeals in U.S. v. Clemons, 843 F.2d 741 (3d Cir.1988), cert. denied, Clemons v. U.S., — U.S. -, 109 S.Ct. 97, 102 L.Ed.2d 73 (1988), concluded the lower court’s repeated instructions adequately addressed the “burden-shifting aspect of section 1512(c) before the jury.” 843 F.2d at 751. However, the Court of Appeals pointed out in its discussion of the constitutional question raised by section 1512(c), the counterpart to 914.22(3) that:
Merely labelling something an affirmative defense does not mean the statute is constitutional. “[I]t must appear that the so-called defense does not in actuality negate any element of the crime.” ... A defendant may be required to bear the burden of persuasion with respect to defenses such as those showing justification or excuse, but not with respect to those that “negative guilt by cancelling out the existence of some required element of the crime.” ... Accordingly, in assessing the constitutionality of an affirmative defense, we must inquire whether “the defense is defined in terms of a fact so central to the nature of the offense that, in effect, the prosecution has been freed of the burden” of establishing each constituent element of the crime charged beyond a reasonable doubt.
Id. at 752.
While the court in Clemons expressed its concern as to the constitutionality of sec *898 tion 1512(c), it failed to decide the question, and based its decision on other grounds.
In Martin v. Dugger, 686 F.Supp. 1523 (S.D.Fla.1988), the court concluded that under Florida law there was no unconstitutional shifting of the burden of proof of the defense of insanity to the defendant. The U.S. District Court noted:
The state has the option of defining sanity and the corresponding burdens as it chooses. In Patterson v. N.Y., 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), the Court approved New York State’s practice of placing the burden of sanity entirely upon the defendant. ... Clearly, Florida law on this issue places a much greater burden upon the state than does New York law.
Id. at 1531.
Yohn v. State, 476 So.2d 123 (Fla.1985), like Patterson, concerned a question of the shifting of the burden of proof where the defendant claimed insanity as a defense. The Florida Supreme Court determined that the burden of proving insanity should not be placed on the defendant:
It is true, as the state argues in a companion case to the instant case, Reese v. State, 476 So.2d 129 (Fla.1985), that the United States Supreme Court has held in Patterson v. New York, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), that it is not unconstitutional to place the burden on a defendant to prove he was insane at the time of the commission of the offense. However, we have chosen not to place this burden of proof on the defendant in the state of Florida, but as we have said, to create a rebuttable presumption of sanity which if overcome, must be proven by the state just like any other element of the offense.
Id. at 126.
Under section 914.22(3), the defendant must prove that his intentional conduct constituted wholly innocent conduct from the outset. The statute creates a presumption of unlawful conduct until the defendant can prove that his actions were lawful. Unlike the affirmative defense of insanity, there is no confession of unlawful conduct followed by defendant’s excuse or justification that he acted in a particular manner and was incompetent to control his own actions. In this instance, the defendant has the burden of production of evidence as well as the burden of persuasion, taking from the prosecution its burden of proving unlawful activity and intent beyond a reasonable doubt. Section 914.22(3) does not have the requisite narrowing effect to overcome the overbroad scope of activities encompassed by section 914.-22(l)(a).
We affirm the trial court’s order declaring sections 914.22(l)(a) and (3) unconstitutional.
AFFIRMED.
DOWNEY and LETTS, JJ., concur.