PER CURIAM.
The State of Florida appeals the dismissal of an information against the appellee, Richard Paul Chapman. Chapman was charged with witness tampering in violation of section 914.22, Florida Statutes (1987), by knowingly using or attempting to use intimidation or physical force with intent to influence testimony in an official proceeding. § 914.22(1)(a), Fla.Stat. (1987). The trial court found subsections 914.-22(1)(a) and (3) unconstitutional. We affirm.
 We agree that subsection 914.-22(1)(a) is unconstitutionally vague because *356 it is not clear whether it proscribes conduct that influences another to testify truthfully, falsely or both. See State v. Cohen, 545 So.2d 894 (Fla. 4th DCA 1989). We also agree that subsection 914.22(3), unconstitutionally relieves the state of its burden to prove unlawful activity and intent beyond a reasonable doubt. The subsection provides for an affirmative defense to be proven by a preponderance of the evidence that the defendant’s conduct was lawful and that his intent was to influence another to testify truthfully. Id.
Affirmed.
SCHEB, A.C.J., and FRANK and THREADGILL, JJ., concur.