## STATE OF FLORIDA v BURKEY, et al.
### Case No. 90-7070
Thirteenth Judicial Circuit, Hillsborough County

August 28, 1990

### APPEARANCES OF COUNSEL

**Don Masten, Esquire,** Assistant State Attorney, for plaintiff.

**Rick Escobar, Esquire,** for defendant, Burkey.

**Brian Gonzalez, Esquire,** for defendant, Brichetto.

**Scott Robbins, Esquire,** Assistant Public Defender, for defendant, Fike.

### OPINION OF THE COURT

RICHARD A. LAZZARA, Circuit Judge.

#### *ORDER ON DEFENDANTS' MOTIONS TO DISMISS INFORMATION*

THIS CAUSE is before the Court on the Defendant Burkey's Motion to Dismiss Information predicated on constitutional grounds. All of the co-defendants adopted this motion. After carefully consider-

ing the motion, the arguments of counsel and the applicable law the Court is of the opinion that the motion should be denied for the following reasons.

The Defendants contend that Florida Statute 403.413 is unconstitutional in that it is vague and overboard and thus violates their right to due process of law. The Court disagrees. A careful reading of the statute compels the conclusion that it is definite enough to inform a person of reasonable intelligence of what conduct it prohibits. The legislature was very precise in defining what conduct the statute makes criminal so that anyone of common intelligence would not necessarily have to guess at its meaning and differ as to its application. *State v Cohen,* 545 So.2d 894 (Fla. 4th DCA 1989).

The Defendants also contend that the statute unconstitutionally shifts the burden of persuasion from the State to them. The Court agrees with this assertion. Florida Statutes 403.413(4) states: "Unless otherwise authorized by law or permit, it is unlawful for any person to dump litter in any manner or amount: . . ." However, Florida Statute 403.413(5)(h) places the burden squarely on the Defendants' to prove that they "had authority to dump the litter and that the litter dumped [did] not cause a public nuisance." The Court finds that the clear language of this statute relieves the State of its burden to prove unlawful activity on the part of the Defendants beyond a reasonable doubt and instead requires them to show their conduct was lawful. This the law prohibits. *Cohen, supra,* and *State v Chapman,* 562 So.2d 355 (Fla. 2d DCA 1990). Thus "The statute creates a presumption of unlawful conduct until the defendant[s] can prove that [their] actions were lawful." *Cohen,* p. 898.

This does not mean, however, that the entire statute is unconstitutional or that the Defendants cannot be charged with violating its proscriptions. *State v Falcon,* 556 So.2d 762 (Fla. 2d DCA 1990). All it means is that the State of Florida will not have the benefit of relying on Florida Statute 403.413(5)(h) in the prosecution of these Defendants and will have to prove beyond a reasonable doubt that the Defendants "did not have the right or authority to dump the litter or that litter dumped on private property cause[d] a public nuisance."

Therefore, for the reasons expressed, the Court finds Florida Statute 403.413 constitutional with the exception of 403.413(5)(h) and denies the Defendants' Motions to Dismiss Information.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, on this the 28th day of August, 1990.