PER CURIAM.
In these consolidated appeals, Mr. Meyer challenges the trial court’s denial of a petition for writ of habeas corpus (Case No. 89-01999) and an order striking his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 (Case No. 90-02075). We affirm.
In October 1987 Mr. Meyer, a former attorney,[1] was convicted of tampering with a witness and conspiracy to tamper with a witness, in violation of sections 914.22(1)(a) and 777.04(3), Florida Statutes (1985). His appeal from the convictions was dismissed for nonprosecution in September 1988. Meyer v. State, 531 So.2d 718 (Fla. 2d DCA 1988). In May 1989 he filed a petition for writ of habeas corpus which the trial court denied because Mr. Meyer had not first sought postconviction relief by filing a rule 3.850 motion. Mr. Meyer then filed a motion for postconviction relief in October 1989. The trial court struck that motion on the basis that Mr. Meyer was not a “prisoner in custody under sentence.” These timely appeals followed.
In both the petition for writ of habeas corpus and the motion for postconviction relief, Mr. Meyer contends that his convictions and sentences for tampering with a witness and conspiracy to tamper with a witness should be set aside because .the statute under which he was convicted in 1987, section 914.22(l)(a), Florida Statutes (1985), has been held unconstitutional recently by this court and by the Fourth District Court of Appeal. See State v. Chapman, 562 So.2d 355 (Fla. 2d DCA 1990); State v. Cohen, 545 So.2d 894 (Fla. 4th DCA 1989).
We affirm the trial court’s denial of Mr. Meyer’s petition for writ of habeas corpus because at the time he filed the petition, he had not filed a motion for postconviction relief. Finley v. State, 394 So.2d 215 (Fla. 1st DCA 1981).
It appears that the trial court struck Mr. Meyer’s motion for postconviction relief on the basis that he was on work release at the time the motion was filed, and thus, he was not “in custody under sentence,” pursuant to rule 3.850. We conclude that this ruling was in error. In State v. Bolyea, 520 So.2d 562 (Fla.1988), our supreme court held that a probationer is “in custody under sentence” for pur *1003 poses of filing a motion pursuant to rule 3.850. We can find no meaningful distinction between a probationer and a prisoner on work release. Accordingly, Mr. Meyer could file a motion pursuant to rule 3.850 while he was on work release.
Nevertheless, we conclude that at the time Mr. Meyer filed his motion, the allegations for postconviction relief were legally insufficient. Mr. Meyer was convicted of the charges in October 1987. Although this court and the Fourth District have held that the statute under which Mr. Meyer was convicted is unconstitutional, this “change in the law” did not come from the Florida Supreme Court or the United States Supreme Court. Mr. Meyer’s claim is not appropriate under rule 3.850 unless and until either our supreme court or the United States Supreme Court rules that the statute is unconstitutional and determines that such ruling is a development of fundamental significance.[2] Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980); Lodson v. State, 478 So.2d 477 (Fla. 2d DCA 1985). Therefore, we treat the order striking the motion as a summary denial of the motion, and affirm.
Affirmed.
RYDER, A.C.J., and DANAHY and ALTENBERND, JJ., concur.

. In November 1987, Mr. Meyer was suspended from the practice of law because of the convictions. The supreme court permitted him to resign from The Florida Bar in August 1988, subject to the usual readmission procedures if his convictions were reversed on appeal. The Florida Bar v. Meyer, 529 So.2d 1098 (Fla.1988).

. We do note that State v. Chapman, No. 73,758 (Fla. filed Feb. 24, 1989) and State v. Cohen, No. 76,340 (Fla. filed July 17, 1990), are presently pending in our supreme court.