PER CURIAM.
 

 Arthur Carreras [“Carreras”] appeals his judgment and sentence for tampering with physical evidence, possession of twen
 
 *591
 
 ty grams or less of cannabis, and possession of drug paraphernalia. He argues that his conviction for possession of twenty grams or less of cannabis, and for possession of drug paraphernalia, should be vacated because section 893.101, Florida Statutes (2009) has been held to be facially unconstitutional in
 
 Shelton v. Secretary, Dep’t of Corrections,
 
 802 F.Supp.2d 1289 (M.D.Fla.2011).
 

 Testimony was presented during the trial that on November 5, 2010, a pick-up truck took a turn too close, causing the driver’s side exterior mirror of the pick-up truck to hit the driver’s side exterior mirror of a patrol vehicle. The law enforcement officer driving the patrol vehicle observed a white male with a beanie cap in the driver’s seat of the pick-up truck, and a black male in the passenger’s seat of the pick-up truck. The officer followed the pick-up truck and observed the pick-up straddling two lanes. When the officer put on the patrol vehicle’s emergency lights to effect a traffic stop, the pick-up truck began to erratically brake and swerve. The officer observed objects simultaneously being thrown out of the driver’s side and passenger’s side window. The object thrown out of the driver’s side window appeared to be larger than that thrown out of the passenger’s side window, and was released by a white hand. A second law enforcement officer, who was following the first officer,, observed an object being thrown out of the driver’s side and passenger’s side window of the pick-up truck. While the first officer was effecting a traffic stop, the second officer immediately stopped and retrieved the thrown objects, which were two bags. The second officer took the bags to the site of the traffic stop and gave them to the first officer who, upon visual inspection of the bags, recognized the substance in each to be cannabis. The contents of each bag field tested positive for cannabis. The first officer identified Carreras as the driver of the pick-up truck.
 

 At trial, Carreras raised lack of knowledge of the illicit nature of the controlled substance as an affirmative defense to the charge of possession of twenty grams or less of cannabis and the charge of possession of drug paraphernalia. The trial court instructed the jury on the affirmative defense with respect to each of the said charges. The jury returned a verdict of guilty on each of the counts. We do not credit Carreras’ claim that the statute under which he was convicted is facially unconstitutional. To the contrary, this case is an illustration of the logic and propriety of section 893.101, Florida Statutes. We have already rejected the reasoning of the
 
 Shelton
 
 case.
 
 See Flagg v. State, 74
 
 So.3d 138 (Fla. 1st DCA 2011).
 
 [1]
 
 We find no merit on the other issues raised by Carrer-as and decline to address them.
 

 AFFIRMED.
 

 GRIFFIN, TORPY and LAWSON, JJ„ concur.
 

 [1]
 

 . We certify that the same issue reviewed in this case is currently pending before the Florida Supreme Court in
 
 State v. Adkins,
 
 71 So.3d 117 (Fla.2011).