RAY, J.
In 2007, Malcolm Delaney, Jr., the appellant, entered a guilty plea in Bay County to one count of trafficking in cocaine. No direct appeal was taken. Four years after Appellant’s judgment and sentence became final, Shelton v. Secretary, Department of Corrections, 802 F.Supp.2d 1289, 1297-1300 (M.D.Fla.2011), held that section 893.13, Florida Statutes, as amended by section 893.101, Florida Statutes, is facially unconstitutional because it eliminates all mens rea from the drug statute. Appellant, who is incarcerated in Walton County, filed a petition for writ of habeas corpus in Walton County citing Shelton; challenging the constitutionality of the statute on which his plea and conviction were based; and asserting that, because he was convicted under an unconstitutional statutory scheme, his conviction is void and D.O.C. authorities have no legal authority to keep him in prison. The court dismissed the petition for lack of jurisdiction to review the legality of a conviction adjudicated in another circuit court, without prejudice to Appellant’s seeking appropriate relief in the sentencing court. We affirm the dismissal because the ultimate ruling is correct, but for different reasons from what the trial court enunciated. See Robertson v. State, 829 So.2d 901, 906-07 (Fla.2002) (stating that “tipsy coachman” doctrine allows an appellate court to affirm a ruling by the trial court that reached the right result, but for wrong or different reasons).
A direct appeal is the proper avenue for a facial constitutional challenge to a criminal statute. See, e.g., Carreras v. State, 81 So.3d 590 (Fla. 5th DCA 2012) (affirming judgment and sentence in direct appeal challenging facial constitutionality of drug possession statute based on Shelton ); Cashatt v. State, 873 So.2d 430, 434 (Fla. 1st DCA 2004). Appellant did not appeal his judgment and sentence, and he cannot rely on habeas corpus as a remedy for claims that could and should have been raised on direct appeal or in post-conviction proceedings. Fla. R.Crim. P. 3.850(h); Nelson v. State, 43 So.3d 20, 34 (Fla.2010) (denying habeas corpus petition because claims that statute was vague and over-broad and unconstitutional as-applied were not raised on direct appeal and were thus procedurally barred); White v. Dugger, 511 So.2d 554, 555 (Fla.1987); Zuluaga v. State, Dep’t of Corrections, 32 So.3d 674, 676-77 (Fla. 1st DCA 2010); Robbins v. State, 564 So.2d 256, 257 (Fla. 1st DCA 1990).
Assuming arguendo, as the trial court did, that Appellant’s petition could be deemed a rule 3.850 motion, the court correctly determined it would be time-barred and declined to transfer it to the sentencing court. Appellant’s 2007 judgment and sentence became final long before he filed the 2011 petition. See Earls v. State, 958 So.2d 1153 (Fla. 1st DCA 2007). Thus, Appellant missed the two-year filing deadline in rule 3.850(b), which is a bar that generally cannot be waived. Jamison v. State, 73 So.3d 317, 318 (Fla. 1st DCA 2011); Meyer v. State, 570 So.2d 1001, 1003 (Fla. 2d DCA 1990). A petitioner cannot circumvent the two-year filing limitation by seeking habeas corpus relief. Jamison, 73 So.3d at 318; Finley v. State, 394 So.2d 215, 216 (Fla. 1st DCA 1981).
Although rule 3.850(b) contemplates narrow exceptions to the two-year filing win *1038 dow, Appellant does not fall within any legally recognized exception. See Meyer, 570 So.2d at 1003 (holding that district court of appeals’ holdings that witness tampering statute was unconstitutional were not a “change in the law” coming from the United States Supreme Court or the Florida Supreme Court that could form the basis for post-conviction relief). Florida courts have rejected constitutional challenges to the statutory scheme at issue in Shelton. See, e.g., Little v. State, 77 So.3d 722 (Fla. 3d DCA 2011); Maestas v. State, 76 So.3d 991 (Fla. 4th DCA 2011); Adams v. State, 76 So.3d 367 (Fla. 3d DCA 2011); Flagg v. State, 74 So.3d 138, 140 (Fla. 1st DCA 2011). Shelton is not binding on State of Florida courts and thus does not afford Appellant a legal basis for relief. See, e.g., Flagg, 74 So.3d at 140.
Accordingly, we affirm the order dismissing the petition because habeas corpus is not an available remedy for this claim and Appellant is procedurally barred from asserting a rule 3.850 claim in the sentencing court. See Zuluaga, 32 So.3d at 677 (stating that dismissal, rather than transfer, of a habeas corpus petition is proper when a petitioner raises the type of claim that, if properly preserved, could have been raised on direct appeal, or would be untimely if considered as a rule 3.850 motion).
AFFIRMED.
WOLF and MAKAR, JJ., concur.