ERVIN, Judge.
McGee appeals the trial court’s order dismissing his complaint for a declaration adjudicating Section 856.04, Florida Statutes (1987),[1] unconstitutional on the ground that *915 the statute violates his constitutional right to equal protection under the law. The lower court ruled that no justiciable controversy existed to permit determination of the constitutionality of the statute, because McGee had a petition for habeas corpus pending in North Carolina, challenging his extradition and return to Florida. Subsequent to the entry of the order of dismissal and during the pendency of this appeal, McGee’s petition for habeas was granted in North Carolina. Although the state contends that McGee’s request for a declaratory judgment is premature unless and until the demanding state actually obtains his extradition, we consider that the existence of an outstanding warrant for McGee’s arrest makes him a proper party to challenge the constitutionality of the.statute he has been charged with violating. Accordingly, we reverse and remand.
A party seeking an adjudication of the constitutionality of a statute and/or a declaratory judgment must show that he or she has been charged with violating the statute or is actually threatened with prosecution for its violation and that the declaration requested will affect his or her rights. Register v. Pierce, 530 So.2d 990, 992 (Fla. 1st DCA), review denied, 537 So.2d 569 (Fla.1988); Duran v. Wells, 307 So.2d 259, 261 (Fla. 2d DCA 1975). “A party subject to criminal prosecution clearly has a sufficient personal stake in the penalty which the offense carries.” State v. Benitez, 395 So.2d 514, 517 (Fla.1981). Accord State v. Thomas, 428 So.2d 327, 329 (Fla. 1st DCA), review denied, 436 So.2d 101 (Fla.1983).
In federal courts, standing has been recognized in cases in which the government is threatening to enforce rules and the threat has an immediate coercive effect upon the party raising the challenge. Caldwell v. Gurley Ref. Co., 755 F.2d 645, 650 (8th Cir.1985); Nuclear Eng’g Co. v. Scott, 660 F.2d 241, 252 (7th Cir.1981), cert. denied, 455 U.S. 993, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982). In this case, the state has not merely threatened enforcement, but has issued a warrant for McGee’s arrest and has in fact sought extradition from another state. To deny that this presents concrete adversity is to claim that McGee must actually be arrested in Florida before he can challenge the statute he has been charged with violating. We do not regard this as a correct statement of the law. On the contrary, in Concerned Democrats of Fla. v. Reno, 458 F.Supp. 60 (S.D.Fla.1978), members of various political groups challenged a state law prohibiting political organizations from endorsing candidates. The court concluded that this issue presented a sufficient case or controversy under Article III, Section 2 of the United States Constitution, adding that “[i]t is not necessary that plaintiffs actually expose themselves to criminal prosecution.” Id. at 63. Accord Pollitt v. Connick, 596 F.Supp. 261 (E.D.La.1984) (although defendants had not sought injunction or abatement order against plaintiffs, defendants’ threat to enforce state obscenity statute gave plaintiffs standing to challenge constitutionality of law).
In Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973), physicians consulted by pregnant women were held to have standing to challenge the constitutionality of Georgia’s abortion law, even though none had been prosecuted or even threatened with prosecution for violating the law. The court stated:
The physician is the one against whom these criminal statutes directly operate in the event he procures an abortion that does not meet the statutory exceptions and conditions. The physician-appellants, therefore, assert a sufficiently direct threat of personal detriment. They should not be required to await and undergo a criminal prosecution as the sole means of seeking relief.
410 U.S. at 188, 93 S.Ct. at 745, 35 L.Ed.2d at 210.[2] Accord Epperson v. Arkansas, 393 U.S. 97, 89 S.Ct. 266, 21 L.Ed.2d 228 *916 (1968) (school teacher not yet criminally charged had right to challenge Arkansas anti-evolution statute).
Under the circumstances, the actual arrest of McGee is not necessary in order to sharpen the dispute between these parties. McGee is therefore an entirely appropriate party to challenge the constitutionality of section 856.04.
REVERSED and REMANDED for further proceedings.
WENTWORTH and ZEHMER, JJ., concur.

. The statute subjects all males who willfully withhold support from their wives and/or chil *915 dren to punishment as third degree felons.

. This principle articulated in Doe v. Bolton was recently reaffirmed in Diamond v. Charles, 476 U.S. 54, 64, 106 S.Ct. 1697, 1704, 90 L.Ed.2d 48, 59 (1986).