568 So.2d 49 (1990)
STATE of Florida, Appellant,
v.
Louis COHEN, Appellee.
No. 73758.
Supreme Court of Florida.
September 27, 1990.
*50 Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellant.
Lewis A. Fishman of Lewis A. Fishman, P.A., Fort Lauderdale, for appellee.
KOGAN, Justice.
We have on appeal State v. Cohen, 545 So.2d 894 (Fla. 4th DCA 1989), which affirmed a trial court order declaring unconstitutional a portion of the witness tampering statute. Id. at 898 (striking §§ 914.22(1)(a) & 914.22(3), Fla. Stat. (1985)). Jurisdiction is mandatory. Art. V, § 3(b)(1), Fla. Const.
Louis Cohen, a private investigator working for an attorney, was charged with three counts of witness tampering under portions of sections 914.21-.22, Florida Statutes (1985).[1] The information alleged that Cohen: (1) knowingly made false statements[2] to Steven Ray Hooker, a witness in an official proceeding; (2) in a misleading way, intentionally omitted information given to Hooker[3]; (3) with intent to mislead, knowingly submitted or invited Hooker's reliance on a writing or recording that was false, forged, altered or otherwise unauthentic[4]; and (4) knowingly used a trick, scheme or device with intent to mislead Hooker.[5]
*51 On every count, the information alleged a violation of subsection 914.22(1)(a), which makes it a crime to engage in any of these activities when they are intended to "[i]nfluence the testimony of any person in an official proceeding." § 914.22(1)(a), Fla. Stat. (1985) (emphasis added).
In pretrial proceedings, Cohen's attorney filed a motion to dismiss the information on grounds that sections 914.21 and 914.22 were unconstitutional. Granting the motion, the trial court stated in pertinent part:
Neither Florida Statute 914.21 nor Florida Statute 914.22 defines the phrase "influence the testimony of any person." Specifically, the statute leaves ambiguous whether it is criminal to influence to testify falsely, or truthfully, or both. The only assistance seems to appear in Florida Statute 914.22(3) which states that if the defendant's intent was to influence to testify truthfully then he has the burden of proof to establish this fact which is an affirmative defense. Subsection three (3) unconstitutionally shifts the burden of proof from the State to the Defendant. By requiring the Defendant to prove his innocence, this section would relieve the State of its obligation to prove the Defendant's guilt, beyond a reasonable doubt, of every element of the crime.
Cohen, 545 So.2d at 895. In addition, the trial court found the statute unconstitutionally vague and overbroad to the extent that it criminalized innocent speech and conduct.
On appeal, the Fourth District agreed that subsections 914.22(1)(a) and (3) were unconstitutional for overbreadth and improper burden shifting, and it affirmed. Cohen, 545 So.2d 894 at 898.
One of the fundamental tenets of Anglo-American law, long embodied in the Florida Constitution, is that "[n]o person shall be deprived of life, liberty or property without due process of law." Art. I, § 9, Fla. Const. Among the attributes of due process is the requirement that the state must prove an accused guilty beyond a reasonable doubt. As the United States Supreme Court has stated,
[t]he requirement that guilt of a criminal charge be established by proof beyond a reasonable doubt dates at least from our early years as a Nation. "... . It is now accepted in common law jurisdictions as the measure of persuasion by which the prosecution must convince the trier of all the essential elements of guilt."

In re Winship, 397 U.S. 358, 361, 90 S.Ct. 1068, 1071, 25 L.Ed.2d 368 (1970) (emphasis added) (citation omitted). Indeed, the requirement of proof beyond a reasonable doubt is "basic in our law and rightly one of the boasts of a free society." Id. at 362, 90 S.Ct. at 1071. Without question, the principles announced by the Winship Court have long been incorporated in Florida constitutional law, article I, section 9, Florida Constitution, and are applicable to the present case.
Here, both the trial and district courts concluded that a portion of the witness-tampering statute impermissibly shifted the burden of proof to the defendant. This allegedly occurred because subsection 914.22(3) establishes an "affirmative defense" that the defendant must prove by a preponderance of the evidence. This "affirmative defense" consists of two elements, both of which must be proven: (a) that the defendant engaged solely in lawful conduct, and (b) that the defendant's sole intention was to encourage, induce or cause the other person to testify truthfully. § 914.22(3), Fla. Stat. (1985).
In the proceedings below, the district court cast some doubt on whether subsection (3) actually is an affirmative defense. Cohen, 545 So.2d at 897 (quoting United States v. Clemons, 843 F.2d 741, 752 (3d Cir.), cert denied, 488 U.S. 835, 109 S.Ct. 97, 102 L.Ed.2d 73 (1988)). We agree that it is not, despite the label given it by the legislature.
An "affirmative defense" is any defense that assumes the complaint or charges to be correct but raises other facts that, if true, would establish a valid excuse or justification or a right to engage in the conduct in question. An affirmative defense does not concern itself with the elements *52 of the offense at all; it concedes them. In effect, an affirmative defense says, "Yes, I did it, but I had a good reason."
The "affirmative defense" purportedly created by subsection 914.22(3) does not meet this definition. To avail themselves of this "affirmative defense," defendants must prove two things: the conduct was entirely lawful, and the sole purpose of this conduct was to induce truthful testimony. See § 914.22(3), Fla. Stat. (1985). Thus, this "affirmative defense" does not concede the offense; it negates it. In effect, this statute requires the defendant to present a preponderance of evidence that in effect says, "I did not do it."
Moreover, it is highly problematic whether a defendant ever could prove the first prong of this "affirmative defense." This is because the statute requires proof that "the conduct consisted solely of lawful conduct." § 914.22(3), Fla. Stat. (1985). However, section 914.22(1)(a) already has made it a crime to "[i]nfluence the testimony of any person in an official proceeding" (emphasis added). How can a defendant prove the conduct was lawful if it already has been rendered unlawful by section 914.22(1)(a)? Thus, under the strict and literal construction required of criminal statutes in this state, Ex parte Bailey, 39 Fla. 734, 23 So. 552 (1897), the "affirmative defense" at issue here can only be deemed illusory. It will never benefit any conceivable defendant.
We thus agree with the district court that the portions of the statute at issue today violate due process. Art. I, § 9, Fla. Const. Accord U.S. Const. amend. XIV. While we recognize that the federal courts have shown deference to state-created affirmative defenses, e.g., Patterson v. New York, 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977), we conclude as a matter of Florida law that this statute has failed to create a genuine affirmative defense. Moreover, the apparent attempt to use this "affirmative defense" to narrow the language of subsection 914.22(1)(a) is done in such a way as to impermissibly shift the burden of proof to the defendant and quite possibly to render this burden of proof impossible to meet.
The statute criminalizes any attempt to "influence" a potential witness and then requires the defendant to prove the "influence" was not criminal. This is a catch-22.
In light of the foregoing analysis, we also must conclude that subsection 914.22(1)(a) is unconstitutionally vague because it fails to distinguish lawful from unlawful conduct in a way adequate to give notice as to the requirements of the law. As we have said,
A vague statute is one which is constitutionally infirm because its language is so unclear or ambiguous that persons of reasonable intelligence must guess at what conduct is proscribed.
State v. Ferrari, 398 So.2d 804, 807 (Fla. 1981). Accord Linville v. State, 359 So.2d 450 (Fla. 1978).
In the present case the language contained in subsection (3) at least suggests that the legislature, when it enacted subsection (1)(a), intended only to criminalize acts that encourage witnesses to testify falsely. This is because, on its face, subsection (3) attempts to establish an "affirmative defense" that the conduct in question was meant to induce truthful testimony from the witness. Yet simultaneously, subsection (3) is so inherently illogical and ineffectual as to cast serious doubt on this first-blush assumption. Thus, paragraph (a) of subsection (1) is facially vague. Here, we cannot determine whether the legislature in subsection (1), paragraph (a), intended to criminalize efforts to influence only untruthful, or both truthful and untruthful, testimony.[6]
*53 Accordingly, subsection 914.22(3), Florida Statutes (1985), and paragraph (a) of subsection (1) of section 914.22, Florida Statutes (1985), are unconstitutional. Art. I, § 9, Fla. Const. Accord U.S. Const. amend. XIV. The result reached by the district court is affirmed.
It is so ordered.
SHAW, C.J., and EHRLICH, BARKETT and GRIMES, JJ., concur.
OVERTON, J., dissents with an opinion, in which McDONALD, J., concurs.
McDONALD, J., dissents with an opinion.
OVERTON, Justice, dissenting.
I find that we can reasonably construe section 914.22(1)(a) and (3), Florida Statutes (1985), as constitutional. I find that the legislature, when it enacted these provisions, clearly intended to criminalize only acts that influenced witnesses to testify falsely. I realize that the interpretation placed on the act by the majority makes it unconstitutional. However, we have a "duty if reasonably possible ... to adopt a reasonable interpretation of a statute which removes it farthest from constitutional infirmity." Corn v. State, 332 So.2d 4, 8 (Fla. 1976) (footnote omitted). Particularly applicable to the circumstance in this case, we also have a responsibility to "avoid declaring a statute unconstitutional if such statute can be fairly construed in a constitutional manner." Sandlin v. Criminal Justice Standards & Training Comm'n, 531 So.2d 1344, 1346 (Fla. 1988) (citation omitted). The majority appears to agree that if the legislature, in subsection (1)(a), intended only to criminalize efforts to influence untruthful testimony, then the statute would be constitutional. However, the majority finds the statute vague because it also can be construed to apply to truthful statements.
I find that, when the legislature provided, in section 914.22(3), that a defendant could assert as a defense to this action that his or her "sole intention was to encourage, induce, or cause the other person to testify truthfully," it established that subsection (1)(a) was intended to punish only a defendant who acted to influence a person in an official proceeding to testify falsely. In my view, this is a reasonable and proper interpretation of the statute and one that would allow us to uphold its constitutionality.
McDONALD, J., concurs.
McDONALD, Justice, dissenting.
I disagree that either subsection 914.22(1)(a) or subsection 914.22(3), Florida Statutes (1985), is unconstitutional.
The purpose of section 914.22, generally referred to as the witness/victim tampering statute, is to prohibit people from influencing the testimony of witnesses, victims, or informants by threats or tricks. No one can reasonably argue that a person has a right to use threats, tricks, or financial inducements to influence, i.e., alter or affect, a witness to testify whether truthfully, falsely, or not to testify at all. It is entirely appropriate to enact legislation to protect witnesses, victims, and informants from such activity. The crime is witness tampering, for any reason.
The fact that the legislature has allowed an exception to the criminality of such conduct upon presentation and proof of the factors specified in subsection 914.22(3) should not impair the statute in whole or in part. I agree with the analysis of the United States District Court in United States v. Kalevas, 622 F. Supp. 1523 (S.D.N.Y. 1985), where it discussed a parallel federal statute, 18 U.S.C. §§ 1512-1515 (1982).
In Kalevas the court distinguished between the elements of the offense which must be proven beyond a reasonable doubt and the elements of the affirmative defense which are independent facts, proof of which by a preponderance of the evidence is sufficient to avoid criminal liability. Neither section 1512(c) nor subsection 914.22(1)(a) allows the government to prevail without proving each element of the offense *54 beyond a reasonable doubt. The defendant need not present an affirmative defense. The legislature has afforded defendants the opportunity to prove such additional facts as would demonstrate that the allegedly illegal conduct was, in fact, lawful.
The state must prove the illegal conduct and subsection 914.22(3) does not change that requirement. I fail to see where the statute is vague and I believe the statute, and all of its parts, stands constitutional muster and should be left undisturbed.
NOTES
[1] In pertinent part, subsections 914.22(1)(a) & (3), Florida Statutes (1985), provide:

(1) A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to:
(a) Influence the testimony of any person in an official proceeding; ...
... .
is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
... .
(3) In a prosecution for an offense under this section, it is an affirmative defense, as to which the defendant has the burden of proof by a preponderance of the evidence, that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully.
"Misleading conduct" is defined as:
(a) Knowingly making a false statement;
(b) Intentionally omitting information from a statement and thereby causing a portion of such statement to be misleading, or intentionally concealing a material fact and thereby creating a false impression by such statement;
(c) With intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity;
(d) With intent to mislead, knowingly submitting or inviting reliance on a sample, specimen, map, photograph, boundary mark, or other object that is misleading in a material respect; or
(e) Knowingly using a trick, scheme, or device with intent to mislead.
§ 914.21(2), Fla. Stat. (1985).
[2] § 914.21(2)(a), Fla. Stat. (1985).
[3] § 914.21(2)(b), Fla. Stat. (1985).
[4] § 914.21(2)(c), Fla. Stat. (1985).
[5] § 914.21(2)(e), Fla. Stat. (1985).
[6] We agree that in certain circumstances the legislature can criminalize coercive attempts to elicit even truthful testimony from a witness. For example, some conduct of this type may constitute extortion that would be criminal under section 836.05, Florida Statutes (1989). Threatening to expose people to public disgrace if they do not testify truthfully would be illegal. Id. Because of our disposition of this case, we need not and therefore do not reach the question of how far the legislature may go in criminalizing attempts to elicit truthful testimony without violating constitutional rights such as due process and the right to confront witnesses.