585 So.2d 1125 (1991)
Paul Ray BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01632.
District Court of Appeal of Florida, Second District.
September 13, 1991.
*1126 Paul Ray Bell, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Paul Ray Bell appeals the summary denial of his motion for postconviction relief. We reverse.
Following a negotiated plea of guilty Bell was convicted of two counts of obtaining property by worthless check and one count of witness tampering. He now contends that the plea was involuntary, and the product of deficient advice from counsel, because the offenses were at best misdemeanors. He also notes that the witness tampering statute, shortly after his plea and sentence, was declared unconstitutional. State v. Cohen, 568 So.2d 49 (Fla. 1990).
Bell argues that the check charges should have been brought as misdemeanors because the checks were tendered to extinguish a preexisting debt. See, e.g., Strickland v. State, 559 So.2d 1288 (Fla. 2d DCA 1990).[1] The motion includes a recitation of facts which, if true, lend support to Bell's position. The state responds that Bell's was a "best interests" plea. We recognize that the law apparently allows considerable leeway in negotiating pleas of convenience. See, e.g., Hoover v. State, 530 So.2d 308 (Fla. 1988). However, we cannot determine from the record before us whether Bell freely opted for the plea agreement rather than contest the sufficiency of the charges at trial, or whether his attorney simply failed to recognize a valid defense, in which instance ineffective assistance may have been provided. Accordingly, summary denial of this portion of the motion was improper.
With regard to the conviction for witness tampering, the only claim presented with sufficient specificity is the issue of constitutionality.[2] The trial court, relying upon Booker v. State, 441 So.2d 148 (Fla. 1983), ruled that Bell's failure to raise the matter on direct appeal foreclosed him from postconviction relief on the same question. Booker, however, involved a postconviction challenge to a portion of Florida's death penalty statute, and not a penal statute whose constitutional invalidity was undisputed.
The constitutionality of a statute as applied to a certain set of facts is an issue requiring a contemporaneous objection, or it is deemed waived. Trushin v. State, 425 So.2d 1126 (Fla. 1982). In contrast, application of a facially unconstitutional statute is fundamental error. Trushin; Potts v. State, 526 So.2d 104 (Fla. 4th DCA 1987), approved, 526 So.2d 63 (Fla.), cert. denied, 488 U.S. 870, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988). Fundamental *1127 error may be raised at any time, including in a motion for postconviction relief. Hamm v. State, 380 So.2d 1101 (Fla. 2d DCA), rev. dismissed, 383 So.2d 1203 (Fla. 1980).
Furthermore, an unconstitutional statute is deemed void from the time of its enactment. State ex rel. Nuveen v. Green, 88 Fla. 249, 102 So. 739 (1924). Thus, the effect of the decision in Cohen is to retroactively invalidate convictions imposed under the subsection in question. If Bell's conviction was obtained under that subsection, he is entitled to have the conviction vacated.[3] Because the record in this case does not demonstrate otherwise, further proceedings will be necessary.
After remand the trial court should reexamine the files and records in this case to determine whether anything therein conclusively refutes the two claims discussed in this opinion. If so, the court may again deny the motion, attaching those portions of the record upon which it has relied in reaching its decision. Otherwise, an evidentiary hearing may be necessary.
Reversed.
FRANK, A.C.J., and PARKER and PATTERSON, JJ., concur.
NOTES
[1] The motion does not adequately specify the statute numbers under which Bell was charged, nor does the record before us contain the charging instrument. With respect to the worthless check charge, we are assuming that the prosecution was brought pursuant to § 832.05(4), Fla. Stat. (1989), violation of which is a felony offense.
[2] As to this charge, Bell again fails to provide a proper citation, giving instead a nonexistent statute number. Considering the leniency that must be afforded to pro se litigants, and the fact this appeal is before us for limited review pursuant to Fla.R.App.P. 9.140(g), we will not consider this defect fatal to Bell's motion. Instead, we proceed under the assumption that Bell was charged under section 914.22(1)(a), which was declared unconstitutional in Cohen.
[3] At the time of Bell's plea and sentence the Fourth District Court of Appeal had issued the decision in Cohen later approved by the supreme court. 545 So.2d 894 (Fla. 4th DCA 1989). Because we hold that neither contemporaneous objection nor plenary appeal is essential to preserve this question, we need not speculate whether, in the event Cohen does govern the present case, the failure of defense counsel to move dismissal based on the district court decision constituted ineffective assistance.