PER CURIAM.
The trial court held unconstitutional Section 403.413, Florida Statutes (1991), as being overbroad as applied to motor vehicles. His order reads as follows:
“THIS CAUSE having come before the court for a Hearing on Tuesday, March 5, 1991, at 10:00 a.m., and the Court being fully advised by Motions made by the State and Defendant and by oral argument by both, the Court hereby finds the following in this case:
1. Today in Florida any ‘placing’ of such a ‘motor vehicle’ on a ‘road’ ‘... including any portion of the right-of-way ... except in ... areas lawfully provided ... ’ subjects the ‘placor’ to a felony of five (5) years incarceration in the Department of Corrections, a Five Thousand *999 Dollar ($5000.00) fine, and other severe loss of liberty and property for violating the Florida Litter Law (F.S. 403.413) as it is written.
2. The Statute is unconstitutional, in as concluded below, as to motor vehicles.
3. The Defendant was here charged with the felony of Dumping Litter (F.S. 403.413(4)(a)), based upon the Information, which, if taken as true, asserts no more than that Defendant dumped litter by placing two trucks on a highway right-of-way on one certain day.
4. The State chose to prosecute Defendant under the felony section of the Florida Litter Law (F.S. 403.413), rather than follow the procedure available to the State under Lost or Abandoned Property (F.S. 705.103(2)), a civil remedy.
The Court concludes the following:
A statute defining a criminal offense must be drawn with a great degree of precision. Winters v. New York, 333 U.S. 507, 515, 68 S.Ct. 665, 670 [92 L.Ed. 840] (1945). Without precise standards in statutes, the legislature impermissibly delegates basic policy decisions to the arresting officer and prosecutor, such as whether to charge a defendant with felony littering rather than pursue the civil remedy of an abandoned property procedure. Smith v. Goguen, 415 U.S. 566, 576, 94 S.Ct. 1242, 1248 [39 L.Ed.2d 605] (1976). A criminal offense must be defined in a manner that does not encourage arbitrary and discriminatory enforcement. Kolender v. Lawson, [461 U.S. 352] 103 S.Ct. 1855, 1860 [75 L.Ed.2d 903] (1983).
The Court has been asked by the Defendant to find that the law here is unconstitutionally overbroad. The Court concludes that the Florida Litter Law (F.S. 403.413), as it is attempted to be applied here, must be held unconstitutional as applied to motor vehicles. Miami Dolphins, Ltd. v. Metropolitan Dade County, (1981), Fla. 394 So.2d 981.
In the case at issue, by the terms of the statute, the ‘placing’ of a ‘motor vehicle’ on a ‘road’ ‘... including any portion of the right-of-way ... except in ... areas lawfully provided ... ’ is a violation of a felony criminal statute. A police officer would be able to declare any parked motor vehicle as ‘litter’ ‘placed’ in violation of the statute, regardless of the economic value of the motor vehicle or the shortness of time that the motor vehicle has remained in the right-of-way. Or the officer could, by whim, utilize the procedure available to that officer under the civil Lost or Abandoned Property Statute (F.S. 705.103(2)). The statute would thus give unfettered discretion to the charging officer.
The Florida Litter Law is overbroad because it gives no notice to the citizens of Florida as to what length of time must pass before the parking of a motor vehicle, of any value, on a public right-of-way becomes the ‘placing’ of ‘litter.’ It encompasses motor vehicles of great value as well as wrecked vehicles. By its terms, it would penalize the person who parks for a moment, as well as the person who never returns for his vehicle. The statute here ‘... is couched in vague and uncertain terms [and] is so broad in scope that ... it must be held unconstitutional as attempting to grant to the administrative body the power to say what the law shall be.’ Id. at 987, quoting Conner v. Joe Hatton, Inc., 216 So.2d 209 (Fla.1968) (emphasis in original). Now Therefor it is
ORDERED AND ADJUDGED that the Defendant’s Motion to Dismiss the charge filed in this cause on the issue of an unconstitutionally overbroad statute is granted.”
The state appeals and contends, first, that the defendant charged with a five year crime, does not have standing to contest the statute, and second, the statute in effect, is not overbroad.
We first find the defendant who is charged and potentially liable, if convicted, to serve five years in the state prison system, does have standing to attack the constitutionality of the statute, McGee v. Martinez, 555 So.2d 914 (Fla. 1st DCA 1990), review denied, 564 So.2d 1086 (Fla.1990); State v. Benitez, 395 So.2d 514 (Fla. *1000 1981) and second, we find the trial judge was correct that the statute is vague and overbroad as applied to motor vehicles. State v. Saiez, 489 So.2d 1125, 1127 (Fla.1986) (citing Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983); Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla.1984); Compare Section 705.103, Florida Statutes (1991).
Therefore, the order under review is affirmed.
Affirmed.