PARKER, Judge.
This is Paul Ray Bell’s second appeal of a summary denial of his motion for post-conviction relief. We again must reverse.
In his first appeal,[1] Bell raised two claims which the trial court found to be facially insufficient. First, Bell alleged that two worthless check charges should have been brought as misdemeanors because the checks were tendered to extinguish a preexisting debt. Thus, he alleged that he had ineffective assistance of counsel when the counsel recommended a “best interest” guilty plea on these charges. Second, Bell alleged the witness tampering statute under which he was charged was unconstitutional. This court reversed the summary denial of Bell’s motion and directed the trial court to reexamine Bell’s claims and attach portions of the record as necessary if the trial court again denied relief.
Upon remand, the trial court denied Bell’s motion, again without conducting an evidentiary hearing. The trial court’s order attached a copy of the information which demonstrates that Bell was not charged under a witness tampering statute which had been declared unconstitutional. We, therefore, affirm the denial of Bell’s motion relating to the witness tampering charge.
However, the record still includes nothing to refute the ineffective assistance of counsel claim as to the worthless check charges. While the transcript of the plea colloquy reflects that Bell’s plea was free and voluntary, it does not refute the possibility that Bell may have had a valid defense to the check charges that a defense counsel overlooked.
Accordingly we affirm in part, reverse in part, and remand this case for proceedings consistent with this opinion. If the court again denies the motion, the court should attach portions of the record upon which it relied in reaching its decision. Otherwise, an evidentiary hearing may be necessary.
Affirmed in part; reversed in part. Remanded for further proceedings.
CAMPBELL, A.C.J., and THREADGILL, J., concur.

. Bell v. State, 585 So.2d 1125 (Fla. 2d DCA 1991).