DANAHY, Judge.
The appellant was charged with violating section 893.13(l)(i), Fla.Stat. (1991), possession of cannabis with intent to sell, purchase, manufacture or deliver within 200 feet of a public housing facility. The incident took place on March 5, 1992. The appellant was adjudicated guilty and timely appeals, arguing that the case against him no longer is viable because the Florida Supreme Court has declared unconstitutional that part of the statute under which the appellant was adjudicated guilty. See Brown v. State, 629 So.2d 841 (Fla.1994).
The appellant is correct and we must vacate his adjudication. However, we must also consider whether section 924.34, Florida Statutes (1991), requires that we direct the trial court to enter judgment for a lesser included offense. In that regard, we are persuaded by the reasoning of our sister court in Paige v. State, 641 So.2d 179 (Fla. 5th DCA 1994). Faced with exactly the same situation as we have in this case, the Fifth District concluded that possession with intent to sell under section 893.13(l)(a)l, Florida Statutes (1991) (now section 893.13(l)(b)), is a necessarily included lesser offense of possession with intent to sell within 200 feet of a public housing facility. See also Stamps v. State, 620 So.2d 1033 (Fla. 2d DCA 1993) (purchase of cocaine is a necessarily included lesser offense of the offense of purchasing cocaine within 1,000 feet of a school).
Accordingly, we vacate the appellant’s adjudication and remand with directions that the appellant be adjudicated guilty of possession of cannabis with intent to sell, purchase, manufacture or deliver under section 893.13(l)(b), Florida Statutes (1991).
Reversed and remanded with directions to enter a new adjudication of guilty.
RYDER, A.C.J., and ALTENBERND, J., concur.