BLUE, Acting Chief Judge.
Alvin Williams timely appeals the denial of his motion to correct an illegal sentence. We reverse.
Pursuant to a plea agreement, Williams pled guilty to possession of a controlled substance (cannabis) with the intent to deliver within 200 feet of a public housing facility in violation of section 893.13(l)(i), Florida Statutes (1991). Subsequent to Williams’ plea and sentence, the “public housing facility” provision in section 893.13(l)(i) was declared unconstitutionally void for vagueness. Brown v. State, 629 So.2d 841 (Fla.1994). As a result, Williams’ conviction constitutes fundamental error and should be vacated. See Heflin v. State, 595 So.2d 1018 (Fla. 2d DCA 1992); Bell v. State, 585 So.2d 1125 (Fla. 2d DCA 1991). However, section 924.34 requires that we direct the trial court to enter judgment for the lesser included offense of possession of cannabis with intent to sell, purchase, manufacture or deliver under section 893.13(l)(b). See R.W. v. State, 646 So.2d 783 (Fla. 2d DCA 1994).
Reversed and remanded with directions.
FULMER and WHATLEY, JJ., concur.