PER CURIAM.
We treat the state’s notice of appeal as a petition for writ of certiorari. See State v. Pettis, 520 So.2d 250 (Fla.1988).
The state charged appellee with violating section 403.413(5), Florida Statutes (1993), which reads:
Unless otherwise authorized by law or permit, it is unlawful for any person to dump raw human waste from any train, aircraft, motor vehicle, or vessel upon the public or private lands or waters of the state.
Appellee challenged the constitutionality of a related portion of the statute, section dOSAlS^Xh),[1] on the ground that it imper-missibly shifted the burden of proving his innocence to him. The trial court agreed and declared section 403.413(6)(h) unconstitutional.
The state contends appellee did not have standing to challenge the constitutionality of section 403.413(6)(h). We disagree. Appel-lee had standing to challenge section 403.413(6)(h). See State v. Thurston, 591 So.2d 998 (Fla. 3d DCA 1991); State v. Benitez, 395 So.2d 514, 517 (Fla.1981). The state also contends that section 403.413(6)(h) does not constitute an unconstitutional burden shift, but instead constitutes an affirmative defense available to appellee. We agree and grant certiorari.
In State v. Cohen, 568 So.2d 49, 51-52 (Fla.1990), the supreme court defined the characteristics of an affirmative defense:
An “affirmative defense” is any defense that assumes the complaint or charges to be correct but raises other facts that, if true, would establish a valid excuse or justification or a right to engage in the conduct in question. An affirmative defense does not concern itself with the elements of the offense at all; it concedes them. In effect, an affirmative defense says, “Yes, I did it, but I had a good reason.”
Here, section 403.413(5) prohibits all dumping of raw human waste on public or private land or waters of the state. The statute requires the state to prove that ap-pellee “dump[ed] raw human waste from a train, aircraft, motor vehicle or vessel upon the public or private lands or waters of the state.” Upon such proof, appellee would be guilty of violating subsection (5) unless appel-lee’s actions were “otherwise authorized by law or permit.” Subsection (5) provides ap- *35 pellee with the opportunity to present the affirmative defense of ‘Tes I did it, but I had a good reason. I had a permit” or “I had a right by law.” See Cohen, 568 So.2d at 51-52. Subsection (6)(h) provides that if appel-lee elects to assert an affirmative defense he has the burden of proving it. It does not abrogate the state’s burden of proving appel-lee’s guilt beyond a reasonable doubt, nor does it require appellee to prove his innocence in order to escape conviction.
Furthermore, requiring a defendant to prove an affirmative defense does not contravene the principles of due process. Due process requires that a prosecutor prove every element of a criminal offense. “[T]here is no due process problem with requiring that the defendant plead and prove a defense.” State v. Buchman, 361 So.2d 692, 695 (Fla.1978).
Accordingly, we quash the order of the trial court and remand for proceedings consistent herewith.
PETITION FOR WRIT OF CERTIORA-RI GRANTED and REMANDED.
DELL, FARMER and SHAHOOD, JJ., concur.

. Section 403.413(6)(h), Fla. Stat. (1993) states:
In the criminal trial of a person charged with violating this section, the state does not have the burden of proving that the person did not have the right or authority to dump the litter or that litter dumped on private property causes a public nuisance. The defendant has the burden of proving that he had authority to dump the litter and that the litter dumped does not cause a public nuisance.