ALTENBERND, Chief Judge.
Antonio Uzcanga Enriguez appeals an order withholding adjudication and imposing a term of probation for felony dumping pursuant to section 403.413, Florida Statutes (2001). Although he did not preserve the issue in the trial court, he argues on appeal that the felony littering statute is unconstitutional. We affirm.
Mr. Enriguez operated an automobile repair business at a location adjacent to a citrus grove in Polk County. The citrus grove was managed by Haines City Citrus. Growers Association. On August 8, 2001, the Association discovered that Mr. Enri-guez had placed automobiles and automobile parts inside the grove in a maimer *340 that prevented the Association from applying fertilizer. The Association had not given Mr. Enriguez permission to place any vehicles on the Association’s property and had previously complained to Mr. En-riguez about such vehicles. In response to these earlier complaints, Mr. Enriguez had always moved the vehicles, but they kept reappearing inside the grove. Accordingly, the Association complained to the Polk County Sheriffs Office on August 8 about the cars. A deputy was dispatched to investigate the claim. The deputy found four “older junk” cars, weighing more than 500 pounds, parked inside the grove. The deputy did not determine whether some or all of these vehicles were operable, although it appears that they were later removed by tow trucks.
As a result of the conditions the deputy observed on August 8, the State charged Mr. Enriguez with misdemeanor trespass on property other than a structure or conveyance [1] and felony dumping.[2] Following a bench trial, the circuit court found Mr. Enriguez guilty of both charges. The circuit court withheld adjudication and placed Mr. Enriguez on probation for three years with conditions allowing for early termination. He appeals from this order.
Mr. Enriguez does not challenge the disposition of his misdemeanor trespass charge. He argues only that the felony littering statute is unconstitutional.[3] Section 408.413(4) states:
(4) DUMPING LITTER PROHIBITED.-Unless otherwise authorized by law or permit, it is unlawful for any person to dump litter in any manner or amount:
[[Image here]]
(c) In or on any private property, unless prior consent of the owner has been given and unless such litter will not cause a public nuisance or be in violation of any other state or local law, rule, or regulation.
“Dump” is defined in the statute as “dump, throw, discard, place, deposit, or dispose of.” § 403.413(2)(g), Fla. Stat. (2001). The definition of “litter” contains a long list of items including “garbage, rubbish, trash, ... [and] motor vehicle or motor vehicle part.” § 403.413(2)(a), Fla. Stat. (2001). If the litter weighs more than 500 pounds, the offense is a third-degree felony. See § 403.41S(6)(c), Fla. Stat. (2001).
Mr. Enriguez points out that this statute, if read literally, might criminalize some behavior that would not seem criminal. For example, if a person “places” a car on private property when the person parks illegally for a few minutes when visiting in a residential neighborhood, then a minor traffic infraction may be trans *341 formed into a felony. It was this concern that caused the Third District to hold the statute unconstitutional in State v. Thurston, 591 So.2d 998 (Fla. 3d DCA 1991).
Mr. Enriguez understandably argues that his case is controlled by the decision in Thurston. We disagree. Thurston is not a model of clarity, but we are inclined to believe that the Third District intended to hold the statute unconstitutional as applied to the facts in that case. The Third District’s opinion in Thurston incorporated major portions of the trial court’s ruling. The trial court’s opinion did not explain the facts of the case in any detail and concluded that the statute was unconstitutional as applied to motor vehicles because the statute was “overbroad.” Thurston, 591 So.2d at 998-99. “Over-breadth” is an analysis that applies only to statutes that proscribe conduct that may be protected by the First Amendment. City of Chicago v. Morales, 527 U.S. 41, 52, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999); Southeastern Fisheries Ass’n v. Dep’t of Natural Res., 453 So.2d 1351, 1353 (Fla.1984). At least in the typical case, dumping litter or discarding motor vehicles on other people’s property is not an activity protected by the First Amendment. Thus, much of the analysis in Thurston is misplaced.[4]
Because Mr. Enriguez did not raise and preserve this issue in the trial court like the defendant in Thurston, he is not permitted to argue that the statute is unconstitutional as applied to the facts in his case. We cannot review an unpre-served argument that a statute is unconstitutional as applied. See Trushin v. State, 425 So.2d 1126 (Fla.1982). Only the facial invalidity of the statute may be raised for the first time on appeal. State v. Johnson, 616 So.2d 1 (Fla.1993); Trushin, 425 So.2d at 1129-30; see also Harvey v. State, 786 So.2d 28 (Fla. 1st DCA 2001).
A facial challenge to a statute on grounds that it is void for vagueness is a difficult argument to present successfully for the first time on appeal. The difficulty arises largely because, when a statute does not reach constitutionally protected conduct, a facial challenge must establish that a statute is vague in all of its applications. See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) (stating that party who engages in “some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others”); Sandstrom v. Leader, 370 So.2d 3, 6 (Fla.1979) (stating “that marginal cases might exist where doubts may arise as to whether there may be prosecution under [a criminal statute] does not render the enactment unconstitutionally vague”); Bryant v. State, 712 So.2d 781, 783 (Fla. 2d DCA 1998) (citing Flipside, 455 U.S. at 495, 102 S.Ct. 1186) (stating when statute does not reach constitutionally protected conduct, “it may only be deemed void for vagueness if it is impermissibly vague in all of its applications”). Mr. Enriguez has presented isolated scenarios in which the application of this statute may be ambiguous, but he has not successfully argued that it is ambiguous in all of its applications.
A statute will withstand constitutional scrutiny under a void for vagueness challenge if it is specific enough to give persons of common intelligence and understanding adequate warning of the pro- *342 scribed conduct. Sanicola v. State, 384 So.2d 152 (Fla.1980). The language must convey a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice. State v. Hagan, 387 So.2d 943, 945 (Fla.1980); see also State v. Manfredonia, 649 So.2d 1388 (Fla.1995).
We conclude that a person of common intelligence would not read a littering statute that proscribed dumping, throwing, discarding, placing, depositing, or disposing of garbage and trash, including motor vehicles and motor vehicle parts, as a statute that applied to parking violations. We further conclude that the statute does adequately warn people that placing garbage and trash, including junk cars, on their neighbor’s property is illegal. We cannot conclude that the statute is vague in all of its applications. Thus, we decline to hold the statute facially unconstitutional, leaving any marginal confusion in the statute for resolution in challenges to the statute as applied to the specific facts of other cases.
Affirmed.
FULMER and WALLACE, JJ„ Concur.

. § 810.09, Fla. Stat. (2001).

. § 403.413(4), Fla. Stat. (2001).

. We note that Mr. Enriguez’s appellate counsel filed a motion to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), attempting to raise this constitutional issue in the trial court as a sentencing error. Although we conclude this issue is not an appropriate matter to be addressed by such a motion, the trial court denied the motion as untimely. The trial court reasoned that the motion was untimely because Mr. Enriguez's initial brief was overdue in this court. Rule 3.800(b)(2) states that the motion must be served before the party’s first brief is served. It does not state that the first brief must be timely served. As a practical matter, Mr. Enriguez's brief was not untimely and the rule 3.800(b)(2) motion was timely because this court had granted extensions of time in which to file the initial brief. Although this erroneous ruling does not affect the outcome of this appeal, we caution trial courts that they should not assume that a motion filed pursuant to rule 3.800(b)(2) is untimely unless it is clear that the appellant has already served an initial brief to the appellate court and has not obtained permission from the appellate court to file the motion.

. With some hesitancy, we are not declaring express and direct conflict with Thurston, 591 So.2d 998. We have concluded that we should simply distinguish that case because it does not contain a factual description, because it can be read as an as-applied decision, and because it seems to address First Amendment issues not present in our case.