918 So.2d 368 (2005)
Willie LAWRENCE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1988.
District Court of Appeal of Florida, Third District.
December 16, 2005.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Jennifer Falcone Moore, Assistant Attorney General, for appellee.
Before COPE, C.J., and RAMIREZ, and SHEPHERD, JJ.
RAMIREZ, J.
Willie Lawrence appeals from an order revoking probation and accompanying sentence for racketeering, with the predicate activity being a violation of the Medicaid fraud statute, section 409.920(2)(e), Florida Statutes. He was also charged with two substantive counts of Medicaid fraud, again in violation of section 409.920(2)(e). We reverse because, subsequent to Lawrence's sentence, this Court found the Medicaid fraud statute to be facially unconstitutional. *369 See State v. Harden, 873 So.2d 352 (Fla. 3d DCA 2004), appeal docketed, No. SC04-613 (Fla. April 4, 2004).
"[A]n unconstitutional statute is deemed void from the time of its enactment." Bell v. State, 585 So.2d 1125, 1127 (Fla. 2d DCA 1991). Further, application of a facially unconstitutional statute is fundamental error which may be raised at any time. Id. at 1126-27; Trushin v. State, 425 So.2d 1126, 1129-30 (Fla.1983); Williams v. State, 651 So.2d 1291 (Fla. 2d DCA 1995); Heflin v. State, 595 So.2d 1018 (Fla. 2d DCA 1992).
In Williams, like here, the defendant pled guilty to violating a statute that was later declared unconstitutionally void. He filed a motion to correct illegal sentence, and the appellate court stated that, because the statute was unconstitutional, Williams' conviction constituted fundamental error and should be vacated. Williams, 651 So.2d at 1291. Lawrence is entitled to the same relief.
Reversed and remanded with directions to discharge the Defendant from the convictions in Miami-Dade Circuit Court case number 00-24311.