WALLIS, J.
In this direct appeal, Appellant raises two issues: (1) a prosecutor’s closing arguments require a new trial and (2) section 775.087, Florida Statutes (2014), commonly known as the 10/20/Life statute, is unconstitutional as applied because it amounts to cruel and unusual punishment. Appellant failed to object to the majority of the prosecutor’s arguments. Those that were preserved, if error, were harmless.
We write only to note that Appellant failed to preserve his as-applied challenge to the 10/20/Life statute. A party cannot raise an as-applied constitutional challenge for the first time on appeal. Springfield v. State, 443 So.2d 484, 485 (Fla. 2d DCA 1984) (affirming and holding that although the statute was unconstitutional as applied to the defendant, because the defendant did not raise the issue in the trial court, the appellate court could not address the argument; noting that the affirmance was without prejudice to raise the claim in a timely rule 3.850 motion); see also Enriguez v. State, 858 So.2d 338, 341 (Fla. 2d DCA 2003) (“We cannot review an unpre-served argument that a statute is unconstitutional as applied. Only the facial invalidity of the statute may be raised for the first time on appeal.” (citations omitted)). Our affirmance on the constitutional challenge is without prejudice for Appellant to raise the claim in a postconviction motion.
AFFIRMED.
TORPY, C.J., and LAWSON, J„ concur.